UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Steven DiMaggio,

    Plaintiff,

    v.                                                    Civil Action No. 5:13-cv-296-cr-jmc

Carolyn W. Colvin, Acting
Commissioner of Social Security
Administration,

    Defendant.

## REPORT AND RECOMMENDATION
(Docs. 15, 17)

This is an appeal from the second decision of the Commissioner of Social Security ("Commissioner") rejecting Plaintiff Steven DiMaggio's 2007 applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). DiMaggio has filed a motion seeking to once again remand the matter to the Commissioner, this time for consideration of new evidence pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. 15.) In response, the Commissioner has filed a motion seeking to affirm the decision because it is supported by substantial evidence and complies with the applicable legal standards. (Doc. 17.) For the reasons stated below, I recommend denying DiMaggio's motion and affirming the Commissioner's decision.

## Background Facts

In November 2007, DiMaggio filed his applications for DIB and SSI, alleging disability beginning on June 1, 2006 resulting from arthritis in both feet, lateral epicondylitis (tennis elbow) in his left elbow, carpal tunnel syndrome, difficulty reading, pain, and side effects from pain medications including hypersomnolence (drowsiness). His applications were denied and he requested reconsideration. In February 2010, Administrative Law Judge ("ALJ") Dory Sutker held a hearing on the applications, at which DiMaggio appeared and testified, represented by counsel. (AR 29–69.) Thereafter, the ALJ issued a decision finding that DiMaggio was not disabled, and that decision became final. (AR 1–4, 15–24.)

DiMaggio requested judicial review of the ALJ's decision, and on October 6, 2011, the district court issued an Opinion and Order remanding the case to the Commissioner for a reevaluation of DiMaggio's residual functional capacity ("RFC") to account for the opinion of treating physician Dr. Stewart Manchester that DiMaggio suffered from hypersomnolent effects of his medications. (AR 680–700; *see* AR 698 (citing AR 545).) Accordingly, on June 5, 2012, ALJ Sutker held a second hearing on DiMaggio's applications, at which DiMaggio again appeared and testified and was represented by counsel. (AR 613–53.) About a week later, the ALJ issued a second decision, this time accounting for DiMaggio's hypersomnolence by including in the RFC determination the limitation that DiMaggio "should avoid hazards such as unprotected heights and dangerous moving machinery [and] driving while on the job." (AR 577.) Nonetheless, the ALJ once again concluded that, although DiMaggio had the severe

2

impairments of hallux rigidus (arthritis of the big toe joint), epicondylitis, carpal tunnel syndrome, and obesity; he was not disabled for the period from the alleged disability onset date through the date of the decision. (AR 572–88.)

### Motion for Sentence Six Remand

DiMaggio does not challenge the merits of the ALJ's June 2012 decision. Rather, he argues that the claim should be remanded again, this time based on new and material evidence which became available in connection with his filing of a new DIB application that was ultimately granted in January 2014. (*See* Doc. 15 at 1, 6; Doc. 16-2 at 17–18.) This new evidence was apparently created in December 2013 and January 2014, respectively, approximately 18–19 months after the ALJ issued her June 2012 decision. (*See* Docs. 16, 16-1, 16-2.) DiMaggio claims the evidence is material because it demonstrates his impairments for the alleged disability period and supports the opinions of his treating physician, Dr. Manchester. (Doc. 15 at 1.)

The new evidence includes the following: (1) a psychological evaluation prepared by examining consultant Dr. Theodore Williams on December 24, 2013, wherein Dr. Williams diagnosed DiMaggio with major depressive disorder and alcohol dependence (Doc. 16 at 5); (2) a physical evaluation prepared by examining consultant Dr. Charles Gluck on December 28, 2013, wherein Dr. Gluck stated that DiMaggio could stand for at least four hours but walk for only three to four minutes at a time, and had no sitting limitations (Doc. 16-1 at 6); and (3) a Disability Determination Explanation prepared by nonexamining agency consultant Dr. Roy Shapiro on January 2, 2014, wherein Dr. Shapiro opined that, starting in September 2013, DiMaggio was moderately limited in his

ability to understand and remember detailed instructions and moderately limited in his ability to maintain attention and concentration for extended periods; had the concentration, persistence, and pace to perform only one- to three-step tasks for only two hours in an eight-hour day; could engage in only routine interactions with coworkers and supervisors; and was moderately limited in his ability to respond appropriately to changes in the work setting (Doc. 16-2 at 14–15).

Although this evidence was apparently sufficient to demonstrate that DiMaggio was disabled as of September 2013 (*see* Doc. 16-2 at 18), for the reasons stated below, I find that it is not material to the instant matter and does not warrant remand under sentence six of 42 U.S.C. § 405(g).

## Analysis

Pursuant to 42 U.S.C. § 405(g), "[t]he court may . . . at any time order additional evidence to be taken before the Commissioner . . . , but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." In applying this regulation, the Second Circuit has developed a three-part test, allowing supplementation of the record where evidence is:

> (1) "new" and not merely cumulative of what is already in the record . . .[;] (2) material, that is, both relevant to the claimant's condition *during the time period for which benefits were denied* and probative . . .[; and (3) where there is] good cause for [the claimant's] failure to present the evidence earlier.

*Lisa v. Sec'y of Dep't of Health and Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991) (citations and internal quotation marks omitted) (emphasis added).

4

The evidence at issue here—the evaluations of examining consultants Dr. Williams and Dr. Gluck and the report of nonexamining agency consultant Dr. Shapiro—does not meet the materiality requirement. The Second Circuit has explained that "[t]he concept of materiality requires . . . a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide [the] claimant's application differently." *Lisa*, 940 F.2d at 43; *see Eusepi v. Colvin*, No. 13-4037-CV, 2014 WL 6725658, at *2 (2d Cir. Dec. 1, 2014). Moreover, "'[a]n implicit materiality requirement is that the new evidence *relate to the time period for which benefits were denied*, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.'" *Tirado v. Bowen*, 705 F. Supp. 179, 182 (S.D.N.Y. 1989) (emphasis added) (quoting *Szubak v. Sec'y of Health & Human Servs.*, 745 F.2d 831, 833 (3d Cir. 1984)); *see Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004).

Dr. Williams's and Dr. Gluck's evaluations each are based on their respective examinations of DiMaggio in December 2013, approximately 18 months after the ALJ issued her decision and the alleged disability period ended. (*See* Doc. 16 at 1; Doc. 16-1 at 2.) Neither evaluation contains a statement, explicit or implied, indicating that the findings contained therein relate back to the alleged disability period. Furthermore, nothing contained in these evaluations is inconsistent with the RFC determination contained in the ALJ's June 2012 decision. If anything, Dr. Gluck's evaluation is *less* restrictive than the ALJ's RFC determination, stating that DiMaggio could stand for "[a]t least four hours" (Doc. 16-1 at 6), instead of for "no more than 30 minutes at one time," as the ALJ stated in her June 2012 decision (AR 577). Dr. Williams's evaluation does

5

not even contain an opinion on DiMaggio's functional abilities. Therefore, these evaluations are not "material" to DiMaggio's claim. Similarly, Dr. Shapiro's report is not material because it was made on January 2, 2014 (*see* Doc. 16-2 at 18), around 19 months after the relevant period ended; and Dr. Shapiro explicitly stated in the report that the period under review was from September 30, 2013 through "[the] [p]resent" (*id.* at 14), which falls well outside the period under review in the ALJ's June 2012 decision.

## Conclusion

For these reasons, I find that the "new evidence" submitted by DiMaggio does not relate to the alleged disability period and does not present a reasonable possibility of influencing the Commissioner to decide DiMaggio's claim differently. Therefore, I recommend that DiMaggio's motion to remand under sentence six of 42 U.S.C. § 405(g) (Doc. 15) be DENIED, and the Commissioner's motion for an order affirming the Commissioner's decision (Doc. 17) be GRANTED.

Dated at Burlington, in the District of Vermont, this 31st day of December, 2014.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation. *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).